The Honorable Ted E. Mullenix State Representative 140 Riverside Drive Hot Springs, AR 71913
Dear Representative Mullenix:
This is in response to your request for an opinion on the following question:
 Is there a vacancy in nomination in District #18 under 7-1-101 which states, `Vacancy in nomination means the circumstances in which the nominee of a political party selected at a PRIMARY ELECTION shall not be certified as the nominee due to death, resignation, withdrawal, or other good and legal cause arising subsequent to nomination and preceding the final date for certification of nominations.' [Emphasis original.]
While the answer to this question is not entirely clear from the relevant Code provisions, it is my opinion that a vacancy in nomination does in all likelihood exist in District 18 for purposes of A.C.A. § 7-7-104
(Repl. 1993). It should be recognized, however, that a conclusive resolution of the issue may require judicial interpretation, due to the ambiguity of the statutory language and the absence of any helpful interpretive authority.
It is my understanding that a special Democratic primary has been scheduled for July 30, 1996, in order to fill the District 18 seat in the state House of Representatives in 1997-98. The unopposed Democratic nominee for the seat, Representative Gerald Hendrix, died April 24, 1996. The filing period ended April 2, 1996, and no Republican candidate filed for the position. The preferential primary was held on May 21, 1996.
The July 30 primary is being called pursuant to A.C.A. § 7-7-104, which states in relevant part as follows:
 a) Nominees of a political party to fill a vacancy in nomination, as defined in § 7-1-101, shall be declared by:
 (1) Certificate of the chairman and secretary of any convention of delegates; or
 (2) A special primary election called, held, and conducted in accordance with the rules of the party; or
 (3) Petition of not less than fifty (50) nor more than one thousand (1,000) electors from the state, or district or county in which the vacancy in nomination exists.
A.C.A. § 7-7-104(a) (Repl. 1993).
The term "vacancy in nomination" is defined as follows in A.C.A. § 7-1-101(4) (Supp. 1995):
 `Vacancy in nomination' means the circumstances in which the nominee of a political party selected at a primary election shall not be certified as the nominee due to death, resignation, withdrawal, or other good and legal cause arising subsequent to nomination and preceding the final date for certification of nomination[.] [Emphasis added.]
The question to be decided, therefore, is whether the above definition includes the circumstances in which an unopposed candidate dies, resigns, or withdraws prior to the primary election. Clearly, in this instance, the Democratic nominee (the late Representative Hendrix) was not "selected at a primary election." A.C.A. § 7-1-101(4), supra. The primary had not yet been conducted when he died. But his candidacy was never going to be voted on at the primary. In accordance with A.C.A. §7-7-304(c) (Supp. 1995), when only one candidate qualifies for an office, "the office or position and the name of the unopposed candidate shall be omitted from the political party's ballot in all primary elections. . . ." Thus, while the language of § 7-1-101(4) might at first glance suggest that there can be no "vacancy in nomination" unless the nominee was "selected at a primary election," it must be recognized that this interpretation would effectively preclude a vacancy in nomination, or the filling thereof, anytime an unopposed candidate is involved, regardless of whether the death or other withdrawal occurred before or after the date of the primary. Did the legislature reasonably intend this result?
It might be contended, alternatively, that notwithstanding the fact that an unopposed candidate is not "selected at a primary election," the primary must nevertheless have occurred prior to the candidate's death, resignation, or withdrawal in order for there to be a "vacancy in nomination" under §§ 7-7-104(a) and 7-1-104(4). The argument might be that the unopposed candidate is not a nominee until the primary is held. See
§ 7-1-101(4) (references to "nominee" and "nomination"). This argument has some appeal, until it is noted that although the unopposed candidate is "certified as the nominee . . . in the same manner as if the office and candidate had been voted upon at the primary election[,]" (§7-7-304(c) (emphasis added), the unopposed candidate's nomination is not determined at the primary. Although he has not yet been certified as an unopposed candidate at a primary (see A.C.A. § 7-7-102(a)), the unopposed candidate's nomination was determined at the expiration of the filing period when no other candidate filed for the office. Thus, what purpose would be served by requiring that the death, resignation, or withdrawal must occur after the primary in order to find a vacancy in nomination?
It is my opinion, finally, that both of the above arguments against finding a "vacancy in nomination" in this instance place too much emphasis upon the language in § 7-1-101(4) regarding "selected at a primary election." The statute presumes that the nomination is determined by the primary. But this should not, in my opinion, be construed to exclude the statute's application in this instance. It may reasonably be concluded that the main condition or requirement for finding a "vacancy in nomination" under § 7-1-101(4) is that the circumstance giving rise to noncertification occurs after nomination and preceding the final date for certification. The statutory language regarding the primary election simply reflects the fundamental requirement that political parties shall select their candidates for office through primary election. See alsogenerally Lewis v. West, 318 Ark. 334, 885 S.W.2d 663 (1994). This is consistent with Section 5 of Amendment 29 to the Arkansas Constitution.[1] The fact that § 7-1-101(4) does not explicitly include the vacancy that arises when an unopposed candidate dies, resigns, or withdraws should not, in my opinion, be determinative in construing this provision. Although there are arguments to the contrary, as noted above, it is my opinion that the vacancy arising in this circumstance by virtue of the unopposed candidate's death is implicitly included in §§ 7-7-104(a) and 7-1-101(4).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] Amendment 29, Section 5 states:
 Only the names of candidates for office nominated by an organized political party at a convention of delegates, or by a majority of all the votes cast for candidates for the office in a primary election, or by petition of electors as provided by law, shall be placed on the ballots in any election.